IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERNEST H. CANLAS** | * | |
| 8507 Shorthills Dr. | | |
| Clinton, MD 20735 | * | |
| **PLAINTIFF** | * | |
| v. | * | Civil Action No. |
| **Metropolitan Life Insurance Company t/a "MetLife"** | | |
| . | * | |
| **SERVE ON:** | | |
| Maryland Insurance Commissioner | * | |
| 501 St. Paul Place | | |
| Baltimore, Maryland 21201 | * | |
| **DEFENDANT** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

Plaintiff Ernest Canlas by and through his counsel, Lawrence R. Holzman and the Holzman Law Firm, hereby sues Defendant Metropolitan Life Insurance Company, ("MetLife") and states as follows:

**Jurisdiction and Venue**

1.   This Court has jurisdiction of this case pursuant to 29 U.S.C. §1132(a)(I)(B), 29 U.S.C. §1132(e)(1), 29 U.S.C. § 1132 (g)(2)(D) and 1132(f). These provisions of the Employee Retirement Income Security Act of 1974 (ERISA) give

1

jurisdiction to this Court to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan (herein "Plan").

2.     In this case the Plaintiff had two employers; (a) Metropolitan Washington Airports Authority ("MWAA") and (b) Kaiser Permanente Foundation Health Plan ("Kaiser") (hereinafter MWAA and Kaiser will be collectively referred to as the "Employers"), each of whom provided group long-term disability insurance offered to employees in the regular course of employment.

3.     The Employers each provided plans that were issued by Defendant MetLife.

4.     Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331, which gives jurisdiction over actions that are brought under the laws of the United States.

5.     The ERISA statute provides a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

6.     Venue properly lies in this Court.  Plaintiff was a Maryland resident when she was an employee of the Employers and a participant in the subject benefits plan.

**Nature of Action**

7.     This action seeks an award to plaintiff of disability income benefits pursuant to an employee welfare benefit plan.  ERISA applies to this action because the plans constitutes a employee welfare benefit plans as defined by 29 U.S.C. §1001(1). Plaintiff's coverage under the plans made her a "participant" in both Plans pursuant to 29 U.S.C. § 1002(7).

**The Parties**

8. Plaintiff Ernest Canlas is a resident of Maryland. At all times relevant hereto, Plaintiff was a participant in the plans as a benefit incident to her employment at the Employers. The Plans each constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1) and Plaintiff's coverage under the plans made him a 'participant' in the plan pursuant to 29 U.S.C. §1002(7).

9. Defendant is an Insurance Company issuing group disability insurance policies nationwide and particularly in the State of Maryland.

**Facts**

10. For several years in the relevant period, Plaintiff worked in job titles as a Biomedical Technician for Kaiser and as an Electronic Technician for MWAA.

11. Plaintiff suffered a total disability and benefits were granted on each of the two plans.

12. Payments commenced under both plans in 2014.

13. At an appropriate time, Plaintiff also applied for Social Security Disability Benefits ("SSDI") (as required by both plans).

14. Plaintiff was ultimately awarded SSDI.

15. On or about December 4, 2014, MetLife notified Mr. Canlas that his disability benefits under both of the plans were subject to offsets for the award of SSDI.

16. The calculations of the off-set were made incorrectly, negligently, in violation of fiduciary duty and/or without substantial justification because rather than

offset the amount of SSDI benefits that Mr. Canlas actually received, Metlife incorrectly offset *double* that amount.

17. Rather than allocate the SSDI payments that Mr. Canlas received so that some portion of it were off-set against each of the Plans, what MetLife did was offset the *entire* SSDI payments against each of the Plans, thus double-counting the offset.

18. In the end, Mr. Canlas received a net lump sum approximately $30,651.00 in lump sum payment from SSDI. *See* Exh. E. As such, the maximum overpayment based on receipt of SSDI would be $30,651.00. But, MetLife is claiming $73,367.00 as "overpayment" based on off-sets for SSDI, more than double the amount to which Mr. Canlas either received or was entitled to receive. *See* Exh. D.

19. As a result of this incorrect application of the off-set and failure to allocate only a portion of the offset to each of the Plans, MetLife has wrongfully failed to pay benefits to which Mr. Canlas is entitled.

20. Mr. Canlas timely appealed the decision of MetLife regarding each of the Plans. *See* Exh. A and Exh. B.

21. In his appeal, Mr. Canlas properly pointed out MetLife's double-counting of the off-set.

22. MetLife's double-counting is obvious on its face. *See* Exh. C.

23. MetLife acknowledged the timely appeal and failed to address the issue of double-counting in its determination. *See* Exh. D.

24. The MetLife response to the appeal dated December 24, 2014, simply says that the appeal has been reviewed and the prior decision up-held. It then mechanically

4

recites the contractual basis for the offset itself, which was not in question.  But it fails to address the issue of double-counting the amount of the off-set at all.  *See* Exh. D.[1]

25. In accordance with the review procedures set forth in the summary plan description and 29 U.S.C. §1133, Plaintiff administratively appealed the benefits claim denial in a timely manner. The appeal was supported by obvious and valid positions on its face.

26. Despite such evidence, Defendant Met Life refused to reverse their determination.

27. Plaintiff Canlas exhausted his administrative remedies.  *See* Exh. D at 4 ("You have exhausted your administrative remedies …").

27. Defendant Met Life's double-counting of the off-set amounts to a denial of benefits is contrary to the plan provisions of the Plans, and is on its face arbitrary and capricious.

28. Defendant MetLife did not expressly reserve the necessary grant of discretionary authority to decide benefit denials in its insurance policy so that this Court should review the benefit denial under a *de novo* standard of review.

## COUNT I (DENIAL OF CONTINUING BENEFITS)

29. Plaintiff reincorporates, realleges and reaffirms all of the allegations in paragraphs 1 through 29.

---

[1] In bizarre fashion, MetLife recognizes in its denial that there is only one set of payments, when it benefits them to do so in its calculations (e.g. taking a deduction for the attorneys' fee award from the disability law firm only once, but counting the rest of the payment twice).

30. Defendant has wrongfully denied payment of continuing benefits under the Plans.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1) That the Court enter judgment in the Plaintiff's favor and against Defendant MetLife and that the court order the Defendant MetLife to pay disability benefits to Plaintiff Canlas in an amount equal to the contractual amount of benefits to which she is entitled, including retroactive payments, and/or remand the instant case back to the claims process of Defendant MetLife for a full and fair review;

2) That the court order Defendant MetLife to pay Plaintiff prejudgment interest on all disability benefits that Plaintiff Donnelly was entitled to but not paid as a result of Defendants improper denial of benefits.

3) That court order the Defendant MetLife to continue paying Plaintiff benefits until such time as she no longer qualifies for continuation of benefits;

4) That the court award Plaintiff attorney fees and costs pursuant to 29U.S.C. §1132(g);

5) That Plaintiff recover any and all relief to which she may be entitled.

THE HOLZMAN LAW FIRM, LLC


BY:_____\S\__ECF_____
Lawrence R. Holzman #10751
8955 Edmonston Road, Suite A
Greenbelt, MD 20770
Counsel for Plaintiff