# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERNEST CANLAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 8:15-cv-00702-DKC |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Metropolitan Life Insurance Company ("MetLife") hereby submits this Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint and states as follows:

## I.  INTRODUCTION

Plaintiff's claim is barred as a matter of law because it ignores the applicable contractual terms and established law.

This case involves the application of benefit offset provisions contained in two group disability plans. Disability plans typically provide that any disability payments will be reduced by the amount of social security disability payments received by a claimant. Here, because Plaintiff worked for two different employers, he was a participant in two disability plans at the time he became disabled. Each Plan unambiguously provided that the amount of disability benefits payable under the Plan would be reduced (or "offset") by the amount of Federal Social Security Disability Income payments received by the claimant.

1

Plaintiff asserts that each Plan should ignore its plain terms—which require *each* Plan to deduct the full amount of Social Security Disability Income benefits Plaintiff receives—because Plaintiff believes adhering to the plain terms of the Plans is unfair. Under Plaintiff's theory, each Plan should apply only half the offset that Plan is required to take because another unrelated Plan is also required to apply the offset.

Plaintiff's claim fails as a matter of law. First, Plaintiff's claim is fatally flawed because it ignores the plain language of the underlying Plan documents. The Fourth Circuit recognizes that plan administrators must follow the terms of unambiguous plan documents. Moreover, federal courts have already considered Plaintiff's argument under *identical* circumstances and concluded that the plan administrators there did not abuse their discretion under ERISA and were entitled to judgment as a matter of law. Accordingly, MetLife respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## II. STATEMENT OF RELEVANT ALLEGATIONS[1]

Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company licensed to issue group disability insurance policies in the State of Maryland. (ECF No. 1 ("Compl.") ¶ 9). The Plaintiff worked for several years for two separate employers, the Metropolitan Washington Airports Authority ("MWAA") and the Kaiser Permanente Foundation Health Plan ("Kaiser"). (Compl. ¶¶ 2, 10). Each employer provided Plaintiff with separate and unrelated group long-term disability insurance coverage in the regular course of employment. (Compl. ¶¶ 2, 8). A copy of the Certificate of Insurance providing the terms of coverage under the MWAA Plan is attached hereto as **Exhibit A**, MWAA Certificate of Insurance for Disability Income Insurance: Long Term Benefits (the "MWAA Plan"). A

---

[1] MetLife assumes the truth of the factual allegations set forth in the Complaint for purposes of this motion only. See Fed. R. Civ. P. 12(b)(6).

copy of the Certificate of Insurance providing the terms of coverage under the Kaiser Plan is attached hereto as **Exhibit B**, Kaiser Certificate of Insurance for Disability Income Insurance: Long Term Benefits ("Kaiser COI") and a copy of the Kaiser Permanente Welfare Benefit Plan ("Kaiser Benefit Plan") is attached hereto as **Exhibit C** (collectively, the "Kaiser Plan").[2] MetLife is the Claim Administrator for both Plans and insures the benefits payable under both Plans.

Plaintiff suffered a total disability and sought benefits under both Plans. (Compl. ¶ 11). MetLife approved both claims, and both the MWAA Plan and the Kaiser Plan (collectively, the "Plans") began making disability payments to Plaintiff in 2014. (Compl. ¶ 12). Plaintiff also applied for and was awarded Social Security Disability Income Benefits ("SSDI") by the Social Security Administration. (Compl. ¶¶ 13-14).

The MWAA Plan provides that MetLife is required to reduce the amount of any disability owed to Plaintiff by the amount of SSDI benefits that Plaintiff receives under the Federal Social Security Act. (MWAA Plan, Ex. A, p. 40). The MWAA Plan provides, "We will reduce Your Disability benefit by the amount of all Other Income. Other Income includes ... any benefits which You, Your Spouse or child(ren) receive or are eligible to receive because of Your disability or retirement under ... [the] Federal Social Security Act". (*Id.*). Separately, the Kaiser Plan provides that MetLife is required to reduce the amount of any disability benefits owed to Plaintiff by the amount of SSDI benefits that Plaintiff receives under the Federal Social Security Act. (Kaiser COI, Ex. B, p. 35). The Kaiser Plan provides, "We will reduce Your Disability benefit by the amount of all Other Income that was actually

---

[2] The court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, Plaintiff's claims are based on and reference the Plans that MetLife attaches to this memorandum (*see, e.g.*, Compl. ¶¶ 3, 7, 8), and Plaintiff does not dispute the contractual language of the Plans. (*See* Compl. ¶ 24 ("the contractual basis for the offset ... was not in question."); Compl. Ex. C (setting out the explicit language of the Plans)).

3

paid to You for the same disability for which You are claiming benefits under this certificate. Other Income includes ... any disability benefits for You, Your Spouse or child(ren) under ... Federal Social Security Act." (*Id.*).

The Plaintiff was awarded SSDI benefits under the Federal Social Security Act, with the amount of the benefit to be $2,397.00 per month effective August 2013, and increasing to $2,427.00 per month effective January 2014. (Compl. ¶ 4; Compl. Ex. D, p. 1; Compl. Ex. E, p. 1).[3] In accordance with the terms of the MWAA Plan, MetLife reduced the amount of disability benefits the MWAA Plan owed to Plaintiff by the amount of SSDI benefits Plaintiff received. (Compl. ¶¶ 15-17; Compl. Exs. C, D). In accordance with the terms of the Kaiser Plan, MetLife reduced the amount of disability benefits the Kaiser Plan owed to Plaintiff by the amount of SSDI benefits Plaintiff received. *Id.*[4]

The Plaintiff appealed MetLife's application of the SSDI offset to both the MWAA Plan and Kaiser Plan. (Compl. ¶ 19). MetLife considered Plaintiff's contention that applying the offset to both Plans was improper, and properly concluded that MetLife must administer each Plan according to its terms and that each Plan separately required that the amount of the SSDI benefit be applied to the respective disability benefits payable under each Plan. (Compl. Ex. 3, p. 3). Accordingly, MetLife upheld its determination that a reduction in the amount of the SSDI benefit would be applied to each Plan. (*Id.*).

---

[3] The SSDI benefit amount effective January 2014 is actually $2,463.50 per month but is reduced by a $35.90 cost-of-living adjustment that MetLife does not use to calculate the effective SSDI benefit. All amounts are rounded down to the nearest whole dollar.

[4] Plaintiff's assertion that the "maximum overpayment based on receipt of SSDI would be $30,651" fails to account for additional SSDI benefits that Plaintiff received after the initial lump sum payment from SSDI. The SSDI benefits and subsequent reductions from the MWAA Plan and Kaiser Plan continued on a monthly basis after the initial lump-sum offset. (Compl. Ex. D).

### III. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Court should grant a motion to dismiss if, accepting the well-pleaded facts as true, Plaintiff still fails to state a claim as a matter of law because the facts are legally insufficient to support the relief sought. *See* Fed. R. Civ. P. 12(b)(6); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

To survive a motion to dismiss, a complaint must present enough factual content to render its claim "plausible on its face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The Court, however, is not required "to accept as true a legal conclusion couched as a factual allegation." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotations omitted). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *Id.* "Dismissal is appropriate if the law simply affords no relief." *Melendez v. Hatfield's Equip. & Dedication Servs., Inc.*, No. 1:13-CV-03684, 2014 WL 3943464, at *4-6 (D. Md. Aug. 12, 2014) (quoting *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.,* 680 F.3d 1194, 1201-02 (10th Cir.2011)).

## IV. ARGUMENT

**A. Plaintiff's ERISA Claim Fails as a Matter of Law Because MetLife's Application of Each of the Plans' Separate and Independent Offset Provisions in Accordance With Their Express and Unambiguous Terms Was Correct, Reasonable and Not an Abuse of Discretion**

Plaintiff cannot state an ERISA claim against MetLife as a matter of law. First, as the Claim Administrator for both the MWAA Plan and the Kaiser Plan, MetLife administered the Plans according to their unambiguous terms.[5] Second, federal courts addressing allegations *identical* to Plaintiff's allegations have held that an administrator does not abuse its discretion by applying a single SSDI award to reduce disability benefits payable under two separate plans.

**1. Even Accepting All of Plaintiff's Allegations as True, Plaintiff's Claim Fails Because MetLife Acted In Accordance With the Unambiguous Terms of the Plans**

Even accepting Plaintiff's Complaint and allegations as true, MetLife reviewed and considered Plaintiff's argument, rejected it and informed Plaintiff of its decision, concluding that, under the clear terms of the Plans at issue, each Plan was entitled to offset the applicable disability benefits by the total amount of any social security award. (Compl. Ex. C; Compl. ¶¶ 20-27). MetLife's determination of the appropriate offset is not an abuse of discretion because MetLife's determination applies the unambiguous terms contained in each Plan.[6]

---

[5] The Kaiser Plan is an ERISA Plan. (Compl. ¶¶ 7, 8). The MWAA Plan, however, is a government plan and therefore is not covered by ERISA. 29 U.S.C. § 1003(b); 29 U.S.C. §1002(32); *see also LTMC/Dragonfly, Inc. v. Metro. Washington Airports Auth.*, 699 F. Supp. 2d 281, 283 (D.D.C. 2010) ("[MWAA] is a regional entity created by the Virginia General Assembly and the District of Columbia City Council for the purposes of operating two federally owned airports...."). Nonetheless, the same arguments preclude any claim under either Plan because MetLife acted pursuant to the plain terms of both the MWAA Plan and the Kaiser Plan.

[6] The Kaiser Plan, the only ERISA Plan identified in the Complaint, expressly reserves discretionary authority for the Plan fiduciaries so that MetLife's determinations must be given full force and effect unless they are unreasonable and constitute an abuse of discretion. *See* Exhibit B, Kaiser COI, p. 60 of 62; Exhibit C, Kaiser Benefit Plan, Articles IV, V; *see also Booth v. WalMart Stores, Inc.*, 201 F.3d 335, 340-42 (4th Cir. 2000) (when a plan, by its terms, confers discretion on an administrator to make determinations under the plan, and the administrator acts reasonably within the scope of that discretion, courts must defer to the administrator's decision under an abuse of discretion standard of review).

Plan administrators must act in accordance with the unambiguous terms of the plan documents. *See, e.g.*, *Boyd v. Metro. Life Ins. Co.*, 636 F.3d 138, 140 (4th Cir. 2011) ("plan administrators look ***solely*** at the directives of the plan documents in determining how to disburse benefits ... In other words, a claim for benefits must stand or fall by the terms of the plan.") (emphasis added) (internal citation and punctuation omitted); *Fuller v. Liberty Life Assurance of Boston*, 302 F. Supp. 2d 525, 535 (W.D.N.C. 2004) (even where Plan provisions are "employer-friendly," "where plan provisions are unambiguous, they are enforced as written"); *Grooman v. Northwestern Mut. Life Ins. Co.*, 200 F. Supp. 2d 523, 530 (D. Md. 2002) (where policy clearly provided that an offset would include amounts the insured was "eligible to receive," insurance company could deduct the eligible social security award even if plaintiff never actually received it); *United McGill Corp. v. Stinnett,* 154 F.3d 168, 172 (4th Cir. 1998) ("[ERISA] does not mandate any minimum substantive content for such plans ... the plain language of an ERISA plan must be enforced in accordance with its literal and natural meaning.") (internal quotation and punctuation omitted).

Here, MetLife acted pursuant to each Plan's unambiguous terms, which required MetLife to deduct the full amount of social security benefits received as an "offset" to each Plan. The MWAA Plan requires MetLife to reduce the MWAA disability payment by the total amount of SSDI benefits the Plaintiff receives. (MWAA Plan, Ex. A, p. 40). The Kaiser Plan likewise requires MetLife to offset the Kaiser disability payment by the total amount of SSDI benefits the Plaintiff receives. (Kaiser COI, Ex. B, p. 35-36). Neither Plan provides that the SSDI offset will not be taken in full if it is also an offset to another, unrelated benefit that a claimant may be receiving. And Plaintiff concedes that the terms of each applicable contract provide that MetLife apply the social security offset in full under each Plan. (*See* Compl. ¶ 24 ("MetLife mechanically recites the contractual basis for the offset itself, ***which was***

7

***not in question*.") (emphasis added)). To require MetLife or other claim administrators to consider the net effect of extraneous, non-Plan agreements would be contrary to well-established precedent. Because it is undisputed that MetLife acted in accordance with the express and unambiguous terms of the MWAA and Kaiser Plans, Plaintiff's complaint should be dismissed.[7]

## 2. Plaintiff's Claim Fails Because Offsetting Disability Benefits For Two Separate Plans Based on a Single Social Security Award Is Not An Abuse of Discretion As a Matter of Law

This is not a case of first impression. The federal courts have already addressed, and squarely rejected, Plaintiff's claim that it is improper to apply an SSDI award as an offset to benefits payable under two separate and unrelated group disability plans that both require such offset.

First, in *Isner v. Minnesota Life Insurance Company,* 677 F. Supp. 2d 950, 957-58 (E.D. Mich. 2009), the court rejected the precise argument that Plaintiff makes here, holding that the claim administrators for two group disability plans were each required to offset the total amount of a single SSDI award because "the language of the plan itself ... is unambiguous. The plans expressly authorize integration of all Social Security benefits, without regard for whether any other plan integrates the same benefits." And recently, the Ninth Circuit Court of Appeals addressed this *exact* situation, where the same insurance company was the claim administrator for both plans under which the insured was receiving benefits. In *Renfro v. The Funky Door Long Term Disability Plan, et al.*, 686 F.3d 1044 (9th

---

[7] Various federal courts have considered and granted motions to dismiss claims for denied ERISA benefits. *See Latona v. Pfizer*, No. WDQ-09-2050, 2010 WL 457541 (D. Md. Feb. 3, 2010) (dismissing plaintiff's denial of benefits claim because plaintiff failed to show administrator abused her discretion in interpreting plan provisions); *see also Boyd v. Metropolitan Life Ins. Co.*, 636 F.3d 138 (4th Cir. 2011) (affirming district court's dismissal of plaintiff's claim for denial of benefits); *Estate of Spinner v. Anthem Health Plans of Virginia, Inc.*, 388 F. App'x 275 (4th Cir. June 16, 2010) (same); *Coleman v. Provident Life and Accident Ins. Co.*, No. CCB-10-1959, 2011 WL 1980541 (D. Md. May 20, 2011) (granting defendant's motion to dismiss plaintiff's claim for denial of benefits); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116 (3d Cir. 2012) (affirming district court's dismissal of plaintiff's claim for denial of benefits based on offset determination); *Schultz v. Aviall, Inc.*, 670 F.3d 834 (7th Cir. 2012) (same).

Cir. 2012), the Ninth Circuit affirmed the district court's grant of summary judgment in favor of the defendant claim administrator / insurance company, holding that it is not an abuse of discretion as a matter of law to apply the claimant's full social security benefit amount to offset the benefits payable under *each* of two separate long-term disability plans. *Id.* at 1052-54. The Court found that that the insurer/claim administrator was entitled to judgment as a matter of law because an administrator does not abuse its discretion by offsetting disability benefits for two separate plans by the same social security award when it does so according to the unambiguous terms of the applicable contracts. *Id.*

In *Renfro,* as here, the plaintiff was insured under two long-term disability plans with two separate employers. *Id*. at 1046-47. And, as here, the same insurance company coincidentally was the claim administrator for the plans issued by the claimant's two separate employers. *Id.* Each plan's plain terms required an offset to any disability payments by the amount the plan participant received in social security benefits. *Id*.

Identical to Plaintiff's argument here, the plaintiff in *Renfro* argued that the insurer's deduction of the full social security benefit from each plan resulted in an impermissible "double offset." *Id*. at 1053; *see also* Compl. ¶ 16 ("Metlife [sic] incorrectly offset *double* that amount") (emphasis in original), ¶ 23 ("MetLife ... failed to address the issue of double-counting in its determination"), ¶ 27 ("Defendant Met Life's [sic] double-counting of the off-set amounts to a denial of benefits..."). The Ninth Circuit rejected plaintiff's argument, finding that the insurer was merely treating the plaintiff "the same way under each plan, based on the plain language of each plan, just as another beneficiary would be treated under either plan." *Id*. at 1054. In other words, the Court recognized that the insurer was "not receiving a 'windfall.'" *Id*. Rather, the insurer received "what an unbiased underwriter would say it should receive under each plan." *Id*. And, "[t]he result should not be different simply because [the

9

same insurer] happens to insure the same beneficiary under both Plans." *Id*. The Court therefore concluded that even though the result "may seem 'harsh,' we cannot ignore the plain language of the Plans." *Id*. This result is directly in line with Fourth Circuit precedent recognizing that plans must be administered according to their plain terms. (*See* Section IV.A.1., *supra*).

The Ninth Circuit's reasoning applies with equal force here under identical facts. MetLife correctly and reasonably applied the social security offset pursuant to the unambiguous terms of each Plan. Each Plan, by its own unambiguous terms, requires the reduction of the disability benefit amount by the amount of social security benefits the insured receives. Disallowing the total offset under either Plan would require MetLife, the claim administrator, to violate the plain, unambiguous terms of each Plan. In other words, each Plan expressly authorizes disability benefits to be reduced "without regard for whether any other plan integrates the same benefits." *Isner*, 677 F. Supp. at 957-58. Accordingly, and as recognized by the Ninth Circuit on this precise issue, because MetLife acted based on the plain terms of each of the applicable Plans, MetLife did not abuse its discretion as a matter of law. Plaintiff has failed to state a claim and cannot do so. His Complaint should therefore be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendant MetLife respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Dated: July 15, 2015                    Respectfully submitted,

/s/ Gail L. Westover_____
Gail L. Westover (Bar No. 13752)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street NW, Suite 700

Washington, D.C. 20001
Telephone: 202-383-0100
Facsimile: 202-637-3593
Email: Gail.Westover@sutherland.com
*Attorney for Defendant*