```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
ERNEST H. CANLAS
                                    :
     v.                             :   Civil Action No. DKC 15-0702
                                    :
METROPOLITAN LIFE INSURANCE
COMPANY                             :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance case is a motion for reconsideration or, in the alternative, for summary judgment filed by Defendant Metropolitan Life Insurance Company ("Defendant"). (ECF No. 14). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be analyzed as one for summary judgment and will be granted.

**I. Background**

A more detailed factual background may be found in a prior memorandum opinion. (*See* ECF No. 12, at 1-3). On March 12, 2015, Plaintiff Ernest H. Canlas ("Plaintiff") filed a complaint alleging that Defendant wrongly denied payment of his benefits under group long-term disability insurance plans (the "Plans") that were provided by two of his prior employers, the Metropolitan Washington Airports Authority (the "MWAA") and the Kaiser Permanente Foundation ("Kaiser Permanente"). (ECF No.

1).  The complaint asserts that Defendant should not have offset the amount of his Social Security Disability Income ("SSDI") benefits from each Plan and that Defendant negligently and incorrectly calculated the amount Plaintiff was overpaid under the Plans.

On December 22, the court granted in part and denied in part Defendant's unopposed motion to dismiss.  (ECF Nos. 12; 13).  Specifically, the court dismissed Plaintiff's claim that Defendant improperly administered the Plans by reducing the amount of SSDI benefits from each Plan.  (ECF Nos. 12, at 4-7; 13 ¶ 2).  The court denied Defendant's motion to dismiss as to the allegations in the complaint that it negligently or incorrectly calculated reductions of Plaintiff's benefits.  (ECF No. 12, at 7-9).  On January 5, 2016, Defendant filed the pending motion for reconsideration or, in the alternative, for summary judgment.  (ECF No. 14).  To date, Plaintiff has not responded, and the time to do so has expired.

## II.  Standard of Review

Defendant moves for reconsideration or, in the alternative, for summary judgment.  Defendant argues that reconsideration is appropriate because Defendant "reasonably believed that Plaintiff's [c]omplaint contained no claim that [Defendant] improperly withheld benefits outside the double counting of the offset."  (ECF No. 14-1, at 10).  The complaint did, however,

2

assert facts that, taken as true, stated a claim that Defendant negligently and incorrectly calculated the reduction in Plaintiff's benefits.  (*See* ECF No. 12, at 7).  No evidence at the time showed Plaintiff's allegations to be implausible.  Defendant now puts forth such evidence to show that the amount of overpayment was calculated correctly.  Accordingly, Defendant's motion will be analyzed as a motion for summary judgment.

Summary judgment is appropriate under Fed.R.Civ.P. 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court of the United States explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *See Liberty Lobby,* 477 U.S. at 252. Even where, as here, the nonmoving party fails to respond, the requested relief is not automatically granted. *See* Fed.R.Civ.P. 56(e). Rather, the court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

**III. Analysis**

At the motion to dismiss stage, Defendant's calculations of overpayment and the amount by which it was seeking to reduce Plaintiff's benefits was unclear. Furthermore, a letter Defendant sent to Plaintiff on December 18, 2014, contained errors and miscalculations. (*See* ECF No. 12, at 7-9). Defendant now admits that the letter the court considered at the motion to dismiss stage contained errors, but avers that it

4

subsequently sent corrected letters to Plaintiff and has not improperly withheld any benefits. (ECF No. 14-1, at 14-18). In support of its assertions, Defendant attaches the corrected letters it sent to Plaintiff. (*See* ECF Nos. 14-4; 14-6). Moreover, because the full amount of Plaintiff's SSDI benefits was not clear at the motion to dismiss stage, Defendant attaches additional documentation showing the full amount of SSDI benefits Plaintiff is receiving. (*See* ECF No. 14-3).

The two revised letters Defendant attaches to its motion for summary judgment correct the errors in the initial letter and indicate that Defendant correctly determined the amount of overpayment. (*See* ECF Nos. 14-4; 14-6). Defendant clearly articulates how it calculated the amount by which Plaintiff was overpaid in the letters and its memorandum supporting its motion. Plaintiff received $2,397.00 in monthly primary SSDI benefits starting in August 2013, and that amount increased to $2,497.00 in January 2014. (*See* ECF No. 14-1, at 5). Plaintiff also received $1,230.00 per month in family SSDI benefits, an amount which was undisclosed and unaccounted for at the motion to dismiss stage. (*See id.*). "The clear, unambiguous language of each Plan mandates that Defendant reduce Plaintiff's benefit by the amount he receives in SSDI." (ECF No. 12, at 7).

Under the MWAA plan, Plaintiff received $3,489.20 each month. (ECF No. 14-4, at 2). By its terms, $100.00 per month

is the minimum monthly benefit one can receive under the MWAA plan.  (*See* ECF No. 14-1, at 7).  Defendant calculated that Plaintiff was entitled to only this minimum amount because the SSDI offset was greater than the amount of benefits Plaintiff was receiving under the MWAA plan.  (*See id.*).  After accounting for credits owed Plaintiff, Plaintiff was overpaid under the MWAA plan by $44,809.93 and is entitled to a $100.00 monthly payment once the overpayment is recovered.  (ECF No. 14-4, at 3).

Plaintiff was receiving $3,411.44 per month under the Kaiser Permanente plan.  (ECF No. 14-6, at 4).  Under this plan, Plaintiff is entitled to 70% of his pre-disability earnings minus offsetting income, such as SSDI benefits.  (*See* ECF No. 14-1, at 8).  Plaintiff's pre-disability monthly income was $5,685.73.  (ECF No. 14-7, at 4).  Thus, under the Kaiser Permanente plan, Plaintiff is owed $3,980.01 minus the amount of SSDI benefits he received each month.  (*See* ECF No. 14-1, at 8).  Accordingly, after accounting for credits, Plaintiff was overpaid by $38,758.10 and is entitled to $341.01 per month once the overpayment is recovered.  (ECF No. 14-6, at 2).

In sum, Defendant correctly calculated that Plaintiff was overpaid by a total amount of $83,568.03, and is properly withholding benefits to recover the overpayment.  Once the overpayment is recovered, Plaintiff will be entitled to a

6

combined monthly payment of $441.01 under the Plans.  Although Defendant's calculation was unclear and unsupported at the motion to dismiss stage, the undisputed facts presented in the current record show that Defendant's calculations are correct, and it is entitled to summary judgment.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment will be granted.  A separate order will follow.

                                          /s/
                                DEBORAH K. CHASANOW
                                United States District Judge